## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

(1)    JENNIFER WILLIAMS, as Next Friend for the Minor G.W.

               Plaintiff,

v.

(2)    INDEPENDENT SCHOOL DISTRICT NO. 5, of TULSA COUNTY, OKLAHOMA;

(3)    DAVID BEILER;

(4)    LUCAS GREY;

(5)    BILL ROLLER;

(6)    JASON SMITH;

               Defendants.

Case No.:

---

## COMPLAINT

---

Jennifer Williams as Next Friend of the Minor G.W. ("Plaintiff"), submits the following Complaint against the above-named Defendants.

**I. PARTIES, JURISDICTION, VENUE**

1.    Jennifer Williams is the natural mother of the minor G.W.  She is a resident of Oklahoma.

2.    Independent School District No. 5 of Tulsa County, Oklahoma (AKA

1

Jenks Public Schools) is a political subdivision Tulsa County Oklahoma located in Oklahoma.

3. Defendants David Beiler Principal, Jenks High School; Lucas Grey Assistant Principal, Jenks High School;, Teacher Bill Roller, Jenks High School, and Jason Smith, Jenks Campus Police, are or were at all relevant times individuals working as employees and agents of the Independent School District No. 5, of Tulsa County, Oklahoma, a public school district organized and operated under the laws of the State of Oklahoma. All Defendants currently are citizens of Oklahoma

4. From August of 2017 to present, Plaintiff was a student attending public school at the Independent School District No. 5, of Tulsa County, Oklahoma at Jenks High School. Plaintiff G.W. is a female.

5. Plaintiff alleges that each of the Defendants allowed, turned a blind eye, aided and/or abetted in some manner the acts averred in this action, proximately caused the damages averred below, and are liable to Plaintiff for the damages and other relief sought in this action.

6. Based upon information and belief, Plaintiff alleges that Defendant David Beiler was responsible for the training and supervision of Defendants Lucas Grey and Bill Roller.

7. Based upon information and belief, Plaintiff alleges that Defendant Jason Smith, Jenks Campus Police, had prior knowledge of the dangerous nature of her attacker form previous incidents.

8. Defendant Independent School District No. 5, of Tulsa County, Oklahoma

is a state educational institution created by state law. Independent School District No. 5, of Tulsa County, Oklahoma receives federal financial assistance and is therefore subject to the provisions of Title IX of the 1972 Education Amendments (20 U.S.C.A. § 1681).

9. Venue is proper in this court under 28 U.S.C.A. § 1391(b) because a substantial part of the events that gave rise to Plaintiff's claims took place within the Northern District of Oklahoma.

10.     The events giving rise to this litigation occurred within the territorial jurisdiction of this Court, and the claims presented by the Complaint raise federal questions over which this Court has original jurisdiction.

## II. STATEMENT OF FACTS

11. This is a civil rights and Title IX action against employees and officials of the Independent School District No. 5, of Tulsa County, Oklahoma for depriving Plaintiff of established constitutional, statutory, and common law rights.

12. Plaintiff G.H. attends Jenks High School in the Independent School District No. 5, of Tulsa County, Oklahoma. While attending this school, Plaintiff's was attacked and subjected to sexual physical harassment on school grounds. This harassment culminated when she was attacked by a fellow student, Corbin A West. Plaintiff gave specific notice to her attacker that this conduct was unwelcome. Plaintiff was subjected to groping of her breast, inner thigh, and genital areas while in computer lab class on or about September 12, 2017 at Jenks High School. Plaintiff

3

detailed the assault to Jenks High School counselor Kimberly Catterson.  Catterson counseled Plaintiff for stress arising from the incident.  Defendants were aware of the danger presented by West and had the authority to institute corrective and preventative measures, but Defendants repeatedly and intentionally failed to take the necessary measures to stop it. Rather than appropriately addressing the harmful behavior of other students, Defendants allowed attacker Corbin A. West to continue to be enrolled and attend classes at Jenks Public Schools. West was subsequently arrested for the attack on another student on September 18, 2017.

13. Employees and agents of the Independent School District No. 5, of Tulsa County, Oklahoma had prior knowledge of the dangerous actions and tendencies of Corbin A. West's violent nature and depravity. His previous use of lasers to highlight body parts of females students and encourage other students to engage in unwanted toughing went unchecked.  Employees had prior knowledge of West exhibiting a pattern of targeting women.   Further, they failed to act on reports of West abusing living, defenseless beings, that led up to the assault on Plaintiff. This exposed Plaintiff to unnecessary risk.

14. Specifically, this action challenges Defendants' denial of Plaintiff's rights secured under the Fourteenth Amendments to the United States Constitution (Amend XIV, U.S. Constitution), Title IX of the 1972 Education Amendments (20 U.S.C.A. § 1681), and 42 U.S.C.A. § 1983, and Defendants' negligence, negligent supervision and training, and intentional infliction of emotional distress.

15. Defendants' discriminatory conduct, their intentional, reckless, and

4

negligent failure to take action to remedy the harassment and abuse of Plaintiff, and their failure to provide Plaintiff with a safe education in a suitable environment caused Plaintiff to suffer severe and extreme emotional distress and psychological damage, including but not limited to, an inability to concentrate on her studies, depression, debilitating fear, despair, anger, humiliation, and anxiety. Plaintiff also suffered bodily injury, including, but not limited to, physical injury, disruption of sleep, insomnia, and loss of appetite.  As a result of Defendants' actions, Plaintiff sought counseling. Plaintiff lost substantial amounts of school time as a result of Defendants' actions.

16. Based upon information and belief, Defendant David Beiler in his official capacity as Principal of Jenks High School is responsible for ensuring the safety of all students at Jenks High School

17. At all relevant times, Defendants were acting within the course and scope of their employment and under color of state and local law.

18. The specific incidents of discrimination, harassment and failure to act alleged in this complaint are merely representative, not exhaustive.

19. Plaintiff reported the incidents of harassment and abuse she suffered to individual Defendants.

20. Defendants failed to take steps to address or prevent the harm to Plaintiff, including, but not limited to, fully disciplining students who harassed Plaintiff; fully investigating Plaintiff's complaints of harassment; educating faculty and students about District policies and procedures; and training faculty and students to prevent

5

discrimination or harassment in the future.

21. The acts and omissions of Defendants failed to remedy the harassment of Plaintiff by other students.

22. Defendants' direct actions in providing inappropriate educational placement for student West into the proximity of Plaintiff directly let to her assault.

23. Upon information and belief, Defendants have policies and procedures to prevent and remedy violence suffered by all students and take appropriate action to prevent and remedy such harms for female students yet did not do so for Plaintiff.

24. Upon information and belief, Defendants have policies and procedures to prevent and remedy violence suffered by all students and take appropriate action to prevent and remedy such harms for female students yet did not do so for Plaintiff.

25. The acts and omissions alleged above by Defendants were committed with deliberate indifference toward the well-being and rights of Plaintiff.

26. The acts and omissions alleged above by Defendants were committed intentionally and purposefully because of Plaintiff's sex.

27. As a direct, legal, and proximate result of Defendants' violations of Plaintiff's legal rights, Plaintiff has been damaged in an amount well in excess of $75,000.00.

III. STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Amend XIV, U.S. Constitution, Equal Protection on the Basis of Sex 42**

## U.S.C.A. § 1983

28. Plaintiff incorporates by reference and realleges paragraphs 1 to 27 of this complaint.

29. The above-described conduct by Defendants violated the right of Plaintiff not to be deprived of equal protection of the laws on the basis of sex under the Fourteenth Amendment to the United States Constitution (Amend XIV, U.S. Constitution).

## SECOND CLAIM FOR RELIEF

### Common Law Claim for Negligent Training and Supervision

30. Plaintiff incorporates by reference and realleges paragraphs 1 to 29 of this complaint.

31. Defendants Beiler, Grey and Smith were negligent in failing to adequately train and supervise their employees and subordinates. Defendants' negligent failure to train and supervise was done in bad faith.

32. As a result of defendants' negligence, plaintiff suffered physical and emotional injuries alleged in this complaint.

33. Plaintiff requests that the court award compensatory damages in an amount to be determined according to proof by Plaintiff against Beiler, Grey and Smith.

## THIRD CLAIM FOR RELIEF

### Title IX of the 1972 Education Amendments

34. Plaintiff incorporates by reference and realleges paragraphs 1 to 33 of this

complaint.

35. Title IX protects students by prohibiting sexual harassment and sexual violence in educational institutions, both of which are manifestations of gender discrimination, by requiring schools to implement strategies to safeguard students from such behavior perpetrated by school personnel or peers and requiring schools to effectively address such misconduct when it occurs on campus or in connection with any educational or extracurricular programs.

36. The conduct that Plaintiff was subjected to had the purpose or effect of unreasonably interfering with an her academic performance and created an intimidating, hostile, and offensive academic environment. Defendant's indifference to reports of prior harassment made her subject to the physical attack she experienced.  The assailant West was allowed to remain at the school and Plaintiff was in fear of further harassment or attack, and deprived her of educational opportunities.

37. As a result of Defendant's deliberate indifference, Plaintiff was forced to continue to attend classes with her attacker, even after she reported it.

38.  Defendants had actual knowledge of attackers prior sexual harassment of female students.

39. The acts of defendants as employees of Independent School District No. 5, of Tulsa County, Oklahoma described above violated plaintiff's rights under Title IX of the 1972 Education Amendments, 20 U.S.C.A. § 1681(a). They constitute violations because defendants knew or should have known of the above-mentioned conduct and

8

acted in a negligent/gross negligent manner in failing to protect Plaintiff from harm or damage suffered, and by failing to act appropriately in putting a stop to such conduct. Plaintiff seeks redress under both of these provisions.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the Court enter the following relief: including, but not limited to the following:

1. A declaratory judgment that Defendants' policies or practices violated the constitutional rights of Plaintiff under 42 U.S.C. § 1983 and Title IX of the 1972 Education Amendments;

2. Actual and compensatory damages against all Defendants;

3. Punitive damages against the Defendants named in their individual capacity;

4. An award of reasonable costs and attorney's fees;

5. Any other relief the Court deems just and equitable.

Respectfully submitted,

GARRETT LAW

*s/D. Mitchell Garrett*
D. Mitchell Garrett Jr, OBA # 20704
GARRETT LAW
320 S Boston Ave, STE 825
Tulsa, OK 74103
TEL: (918) 221-6190
FAX: (918) 340-6799
mitchell@garrett.legal
*Attorneys for Plaintiff*